UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Tampa Division

MICHAEL T. FLYNN,

    *Plaintiff*,

v.

ANDREW WEISSMANN,
39 North Moore Street, Apt. 6B
New York, New York 10013;

NICOLLE WALLACE,
610 Park Avenue, Apt. 10C,
New York, New York 10065;

and

MSNBC Cable L.L.C.,
c/o Enterprise Corporate Services
LLC (registered agent)
1201 N Market Street, Suite 1000,
Wilmington, Delaware 19801,

    *Defendants*.

Case No.: _____

**DEMAND FOR A JURY TRIAL**

# COMPLAINT

1. Plaintiff Lieutenant General Michael T. Flynn (ret.) ("General Flynn") is a distinguished veteran who defended and protected Americans throughout his 33 years of service. Defendant Andrew Weissmann—a partisan former prosecutor and top deputy to Special Counsel Robert Mueller turned MSNBC "legal analyst"—has publicly impugned General Flynn's reputation,

using his platform on MSNBC, along with political pundit Defendant Nicolle Wallace, to claim that General Flynn plotted an insurrection, and that he *in fact* was guilty of the bogus charge of lying to the FBI.

2. These are insidious lies. Defendants were aware these statements were false but still chose to smear General Flynn to advance their careers as partisan political pundits.

## **PARTIES**

3. Plaintiff Lt. Gen. Michael T. Flynn, U.S. Army, Retired, is an individual who is a resident and citizen of the State of Florida.

4. Defendant Andrew Weissmann is an individual who is a resident and citizen of the State of New York.

5. Defendant Nicolle Wallace is an individual who is a resident and citizen of the State of New York.

6. Defendant MSNBC Cable L.L.C. ("MSNBC") is a Delaware limited liability company headquartered in the State of New York.

## **JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship, and the amount in controversy exceeds $75,000.

8. Defendants are subject to personal jurisdiction in Florida pursuant to Florida's long-arm statute, Fla. Stat. § 48.193, because a third party in

Florida accessed the defamatory material, and it was directed at a Florida resident.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this judicial district. Specifically, the defamation, which is the basis of this lawsuit, was published in the Middle District of Florida in addition to all over the world. Over 10 million people—more than 55 percent of the State of Florida's population—reside within the Middle District, thus making the alleged defamatory statements in this venue highly significant. Gen. Flynn is a resident of Sarasota County and is domiciled in the Middle District of Florida. Defendants' statements were directed at Gen. Flynn in Florida and at Middle District of Florida residents who did, in fact, view and hear Defendants' defamatory statements.

## FACTUAL BACKGROUND

10. General Flynn has dedicated his life to serving and protecting the United States. He served more than thirty-three (33) years in the United States Army, rising to the rank of Lieutenant General, and served as Assistant Director of National Intelligence in the Office of the Director of National Intelligence and as the 18th Director of the Defense Intelligence Agency.

11. General Flynn is a staunch advocate for the preservation of American values and election integrity. Gen. Flynn helped create a non-

partisan social welfare organization defending rights and freedoms, election integrity, and border security called "The America Project," which, in part, is designed to train election monitors as well as educate the public on election reform issues.

12. Defendant Weissmann operates a left-wing political podcast on MSNBC's platform called "Prosecuting Donald Trump."

13. On September 15, 2023, Defendants released an episode of the podcast titled "BONUS: Live from the 92nd Street Y,"[1] wherein Defendant Wallace was the host.

14. Defendants derive income from these podcast episodes by making outlandish comments about President Donald J. Trump and those affiliated with his administration, which in turn leads to viewer subscriptions and increases advertising income.

15. During this September 15, 2023 episode, Defendant Wallace brazenly lied about General Flynn, stating, "I mean think we are past worrying about [General Flynn's] feelings, right? I mean [General Flynn] plotted the insurrection."

---

[1] *Prosecuting Donald Trump: Bonus Live from the 92nd Street* Y, MSNBC (September 15, 2023), https://www.podplay.com/podcasts/prosecuting-donald-trump-1087256/episodes/bonus-live-from-the-92nd-street-y-179983749, at 31:14-31:19 ("The Podcast").

4

16. Defendant Weissmann added to this lie, stating, "we prosecuted him, absolutely, he admitted twice to committing a crime and then his defense when he withdrew it was that I lied to the federal judge when I said I was guilty, so [General Flynn] admitted to underlying crimes, which by the way, he did."[2] In this statement, Defendant Weissmann implied that General Flynn did, *in fact*, "willfully and knowingly mak[e] materially false statements and omissions to the Federal Bureau of Investigation."[3] This was knowingly false.

17. Defendant Weissmann's statement goes beyond merely pointing out that General Flynn originally pleaded guilty to the alleged crime. Defendant Weissmann has affirmatively claimed that General Flynn in fact committed the crime, despite (i) the withdrawal of General Flynn's plea,[4] (ii) the admission of the Department of Justice that there was woefully insufficient evidence to prosecute General Flynn,[5] (iii) the fact that DOJ coerced the Gen. Flynn's guilty plea with threats of prosecuting his son, and improperly

---

[2] *Id.* at 31:22-31:42.

[3] *United States v. Flynn*, No. 1:17-cr-002332-EGS, Information, Dkt. No. 1 (D.D.C. Nov. 30, 2017); 18 U.S.C.§ 1001.

[4] *United States v. Flynn*, No. 1:17-cr-002332-EGS, Mr. Flynn's Motion to Withdraw Plea of Guilty and Unopposed Motion for Continuance, Dkt. No. 151 (D.D.C. Jan. 14, 2020).

[5] *United States v. Flynn*, No. 1:17-cr-002332-EGS, Government's Motion to Dismiss the Criminal Information Against the Defendant Michael T. Flynn, Dkt. No. 198 (D.D.C. May 7, 2020).

5

withheld that information from the court,[6] (iv) the voluminous, publicly available evidence that General Flynn was *in fact* innocent of the charge of lying to the FBI,[7] (v) the lack of any investigative predicate for the FBI to open an investigation into General Flynn, much less interview him,[8] and (vi) his full pardon resulting in the criminal case being dismissed.

18.    Defendants knew their statements to be false or said them with reckless disregard for their falsity. First, General Flynn did not plot the "insurrection," nor has he ever been criminally charged with such a plot. Second, as the top deputy to special counsel Robert Mueller, Defendant Weissmann was aware of the exculpatory evidence, initially withheld by the FBI, which showed General Flynn's innocence of any crimes, including the crime of "willfully and knowingly making materially false statements and omissions to the Federal Bureau of Investigation."

---

[6] *United States v. Flynn*, No. 1:17-cr-002332-EGS, Supplement to Mr. Flynn's Motion to Dismiss for Egregious Government Misconduct, Dkt. No. 181 (D.D.C. Apr. 24, 2020).

[7] *E.g.,* Andrew C. McCarthy, *Why dismiss the Flynn case? Because the FBI can't prove it*, THE HILL (May 11, 2020), https://thehill.com/opinion/judiciary/497064-why-dismiss-the-flynn-case-because-the-fbi-cant-prove-it/.

[8] U.S. Dept. of Justice, Office of Special Counsel John H. Durham, *Report on Matters Related to Intelligence Activities and Investigations Arising Out of the 2016 Presidential Campaigns*, at 8 (May 12, 2023).

19. For example, Defendant Weissmann was aware of (i) the internal FBI closure memo for the Crossfire Razor investigation, which found no connection between General Flynn and Russia, (ii) the full transcript of General Flynn's conversation with Ambassador Kislyak showing no improper communication between General Flynn and Russia, (iii) the handwritten note of FBI Assistant Deputy Director E.W. "Bill" Priestap, indicating that the purpose of the interview of General Flynn was to "get him to lie," and (iv) the official notes of the interviewing agents who stated that they thought General Flynn believed he was telling the truth.

20. In other words, Defendant Weissmann was aware that there was no legitimate basis to open a full FBI investigation into General Flynn, no legitimate basis to keep the investigation open after the closure memo, no legitimate basis to keep it open based on General Flynn's call with Ambassador Kislyak, and therefore, no legitimate basis to send counterintelligence agents to interview General Flynn.

21. Defendant Weissman was also aware that the interview was a perjury trap. He was aware that the FBI ignored all protocol by, among other things, (i) improperly sending agents to interview the NSA without permission or notice to White House Counsel, (ii) not presenting General Flynn with the transcript of his call, and (iii) giving no warning to General Flynn that he was under investigation or that his statements were subject to criminal penalty.

22. Defendant Weissmann was further aware, based on the 302 generated by the interviewing agents, that General Flynn's statements—about a call that took place weeks prior, during a hectic transition when General Flynn was speaking to many officials and diplomats—were vague and only arguably false. Moreover, Weissmann was aware that the agents included in the 302 that they thought General Flynn believed he was telling the truth.

23. Defendant Weissmann was aware that—as concluded in the DOJ motion to dismiss the charge—General Flynn's statements to the FBI, even if false, could not possibly have been material to any investigation. Defendant Weissmann was aware that the DOJ could not establish that General Flynn's statements, even if false, were willfully or knowingly false.

24. In short, Defendant Weissmann was well aware that General Flynn *did not* commit the crime of *willfully* and *knowingly* making *materially false* statements and omissions to the FBI.

25. Defendants chose to smear General Flynn because of partisan animus and General Flynn's prior affiliation with President Trump.

26. Defendants' smears have damaged General Flynn's reputation and have caused him to lose significant business and income.

27. Accordingly, General Flynn seeks to hold Defendants accountable for these vicious lies and the damages they have caused.

## CAUSES OF ACTION
## COUNT I
**(Defamation and Defamation *Per Se*)**

28. Plaintiff incorporates by reference the above paragraphs as though set forth fully herein.

29. On September 15, 2023, Defendant Wallace defamed General Flynn by stating that General Flynn plotted the insurrection.

30. Further, on September 15, 2023, Defendant Weissmann defamed General Flynn by claiming that General Flynn committed the crime of "willfully and knowingly making materially false statements and omissions to the Federal Bureau of Investigation."

31. These defamatory statements were directed at General Flynn, a Florida resident.

32. The defamatory statements are categorically false.

33. Defendants published the statements in a podcast publicly available online, including on the databases Apple, Spotify, and Amazon, to thousands of listeners, including residents of the Middle District of Florida.

34. Given the publicly available information surrounding these events, such as General Flynn not being charged with any crimes involving an insurrection, and exculpatory evidence proving General Flynn's innocence, Defendants knew that these statements were false, or recklessly disregarded their falsity.

35. Defendants, however, made the defamatory statements for their own financial gain.

36. Defendants' statements are defamatory as they injure General Flynn in his reputation, his profession in election integrity efforts, and his community standing. The claims that General Flynn plotted an insurrection and lied to the FBI exposes General Flynn to hatred and contempt and induces an unsavory opinion in the minds of members of the community.

37. Defendants' statements are defamatory *per se* because they accuse General Flynn of plotting an insurrection and lying to the FBI, which are all serious crimes and involve moral turpitude.

38. The defamatory statements have directly and proximately caused General Flynn to suffer significant damages in Florida, where he does business, including loss of business and income, damage to his reputation, humiliation, embarrassment, and mental anguish, all of which are ongoing in nature and will be suffered in the future. These damages were foreseeable to Defendants.

39. Defendants published the defamatory statements knowingly, intentionally, willfully, wantonly, and maliciously, with intent to harm General Flynn, or in blatant disregard for the substantial likelihood of causing him harm, thereby entitling General to an award of punitive damages.

40. Defendant MSNBC is vicariously liable for Defendants' statements because they were acting as agents of MSNBC, and Defendant MSNBC published the lies.

41. As a direct and proximate result of Defendants' misconduct, General Flynn is entitled to compensatory, special, and punitive damages, in excess of $75,000.

## COUNT II
### (Injurious Falsehood)

42. Plaintiff incorporates by reference the above paragraphs as though set forth fully herein.

43. General Flynn is currently engaged in the business of promoting election integrity and reform.

44. Defendants' false statements, accusing General Flynn of plotting an insurrection and lying to the FBI directly concern General Flynn's business.

45. Defendants intended for their false statements to destroy General Flynn's reputation, to ruin his ability to participate in politics, elections, and policy advocacy, and to harm him financially. Defendants reasonably recognized and intended that the publication of their statements about General Flynn would result in pecuniary losses.

46. Defendant MSNBC is vicariously liable for Defendants' statements because they were acting as agents of MSNBC, and Defendant MSNBC published the lies.

47. General Flynn has suffered direct pecuniary losses as a result of Defendants' accusations, including costs associated with lost business opportunities and money spent to defend his own reputation, in excess of $75,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Michael T. Flynn respectfully requests this Court enter a judgment in his favor and grant relief against Defendants as follows:

    a. An award of compensatory, special, and punitive damages in an amount to be determined by a jury, but in excess of $75,000;

    b. An award of Plaintiff's costs associated with this action;

    c. An award of pre- and post-judgment interest; and

    d. Such other and further relief as the Court deems just and appropriate to protect Plaintiff's rights and interests.

## **Demand for Jury Trial**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 24, 2023					M<small>ICHAEL</small> T. F<small>LYNN</small>
							*By Counsel*

							Respectfully submitted,

							/s/ *Jared J. Roberts*
							Jared J. Roberts
							(Fla. Bar No. 1036550)
							Shawn M. Flynn
							(Fla. Bar No. 1040911)
							B<small>INNALL</small> L<small>AW</small> G<small>ROUP</small>, PLLC
							717 King Street, Suite 200
							Alexandria, Virginia 22314
							Phone: (703) 888-1943
							Fax: (703) 888-1930
							Email: jared@binnall.com
									shawn@binnall.com

							*Counsel for Plaintiff*