## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

MICHAEL T. FLYNN

             Plaintiff,                       8:23–CV–02429(JSM/SPF)

vs.

ANDREW WEISSMANN, NICOLLE
WALLACE, and MSNBC CABLE L.L.C.

             Defendants.

_____/

## DEFENDANTS NICOLLE WALLACE AND ANDREW WEISSMANN'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER

Defendants Nicolle Wallace ("Wallace") and Andrew Weissmann ("Weissmann") (together, "Individual Defendants") move to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The Individual Defendants also seek dismissal for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1406(a), or, alternatively, request transfer to the U.S. District Court for the Southern District of New York pursuant to 18 U.S.C. § 1404(a); defendant MSNBC Cable L.L.C. ("MSNBC") joins in the venue and transfer portions of this motion.

In addition, the Individual Defendants join and fully adopt MSNBC's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for all the reasons stated therein.

## INTRODUCTION

This Court does not have jurisdiction over Wallace and Weissmann or venue over Plaintiff's claims, and this action belongs in New York in any event. The

Individual Defendants live and work in New York. They have no substantial connections to Florida. They recorded a podcast in New York for MSNBC, which is also headquartered in New York. They did not conduct any activities in Florida that gave rise to the underlying causes of action. The challenged statements relate to Plaintiff's conduct in Washington, D.C. In sum, the State of Florida has nothing to do with Plaintiff's claims. Accordingly, this Court should dismiss the Individual Defendants for lack of jurisdiction or the suit for improper venue. Alternatively, the Court should transfer this case to the Southern District of New York because the equities, including the convenience of the parties and witnesses and the need to avoid unnecessary multiplication of Plaintiff's claims, heavily favor transfer. Additionally, the Court may dismiss this case for the reasons stated in MSNBC's Motion to Dismiss pursuant to Rule 12(b)(6).

## BACKGROUND

Plaintiff Michael Flynn ("Flynn") sued MSNBC, along with its employee Wallace and legal analyst Weissmann for defamation for statements they made during a September 15, 2023 episode of MSNBC's Podcast "Prosecuting Donald Trump," which was recorded live at the 92nd Street Y in Manhattan (hereinafter the "Episode"). (D.E. 1 ¶ 13). The statements at issue concern Flynn's prosecution for lying to the FBI in the U.S. District Court for the District of Columbia and Flynn's role in the insurrection that followed the 2020 presidential election. *Id.* ¶¶ 15–16.

The Complaint contains no jurisdictional allegations concerning Wallace or Weissmann to support jurisdiction over them in Florida. Instead, the Complaint

simply asserts that jurisdiction is established "because a third party in Florida accessed the defamatory material, and it was directed at a Florida resident." *Id.* ¶ 8. The allegations regarding venue are also scant. Flynn alleges venue is appropriate in the Middle District of Florida because "a substantial part of the events giving rise to this claim occurred in this judicial district." *Id.* ¶ 9. However, the only factual allegations to support this assertion are that the Episode "was published in the Middle District of Florida in addition to all over the world" and "Flynn is a resident of Sarasota County and is domiciled in the Middle District of Florida." *Id.*

There are no facts to support the allegation that either Wallace or Weissmann directed their conduct at Florida, or that a substantial part of events giving rise to Flynn's claim occurred in the Middle District. Flynn acknowledges that MSNBC is headquartered in New York. *Id.* ¶ 6. The Individual Defendants both live and work in New York. *Id.* ¶¶ 4–5; Declaration of Nicolle Wallace ("Wallace Decl.") ¶ 13; Declaration of Andrew Weissmann ("Weissmann Decl.") ¶¶ 9, 25–26. They recorded the Episode live in New York. *See* Wallace Decl. ¶ 5; Weissmann Decl. ¶ 16. Neither traveled to Florida nor communicated with anybody in Florida in connection with the Episode. *See* Wallace Decl. ¶ 9; Weissmann Decl. ¶ 23. MSNBC produced the Episode in New York and publishes it from New York to several platforms and its website, MSNBC.com/podcasts. *See* Weissmann Decl. ¶¶ 13–14, 17.

The Episode was directed to a national audience. *See* Weissmann Decl. ¶ 18. With respect to Flynn, the Episode discusses the government's investigation of his actions prior to President Trump's inauguration and while he worked for the Trump

administration, his ensuing prosecution in Washington, D.C., and his pardon by then–President Trump. *See* Wallace Decl. ¶ 10; Weissmann Decl. ¶ 21. When they recorded the Episode neither Wallace nor Weissmann knew that Flynn resides in Florida, and they did not intend or understand their statements regarding Flynn to be targeting a Florida resident or the State in any way. *See* Wallace Decl. ¶ 11; Weissmann Decl. ¶ 22. Other than the fact that Flynn now resides here, his claim has nothing to do with Florida.

## ARGUMENT

### I.   THE COURT LACKS PERSONAL JURISDICTION OVER THE INDIVIDUAL DEFENDANTS.

To determine whether personal jurisdiction exists in diversity cases, courts must first look to whether personal jurisdiction exists under the forum's long–arm statute, and if so, "whether that exercise of jurisdiction would violate the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013); *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018).

A plaintiff seeking to establish personal jurisdiction over a nonresident defendant "bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). When a defendant challenges personal jurisdiction "by submitting affidavit evidence in support of [their] position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction." *Louis Vuitton*,

736 F.3d at 1350. Each defendant's contacts with the forum must be scrutinized individually. *See Calder v. Jones*, 465 U.S. 783, 790 (1984); *Verizon Trademark Servs., LLC v. Producers, Inc.*, 810 F. Supp. 2d 1321 (M.D. Fla. 2011) (rejecting attempt to lump all defendants together to establish jurisdiction); *Celorio v. Google Inc.*, 872 F. Supp. 2d 1327, 1331 (N.D. Fla. 2012) ("Each defendant's contacts with the forum State must be assessed individually rather than simply viewing them collectively.").

Here, the Complaint simply alleges that there is jurisdiction over "Defendants" without distinction among them, failing the pleading requirement at the outset. Despite Plaintiff's inappropriate attempt to conflate all the defendants, there is no personal jurisdiction over nonresident defendants Wallace and Weissmann because Plaintiff has not alleged sufficient facts making out a prima facie case of jurisdiction. *See Snow v. DirecTV, Inc.*, 450 F.3d 1314, 1318 (11th Cir. 2006) ("vague and conclusory allegations" cannot make a prima facie showing of jurisdiction). But even if he had, the declarations submitted by Defendants in support of this motion demonstrate a lack of personal jurisdiction.

A.   <u>Florida's Long–Arm Statute Does Not Apply to the Individual Defendants.</u>

A nonresident defendant submits to jurisdiction in Florida by "[c]ommiting a tortious act within this state." § 48.193(1)(a)(2), Fla. Stat. Thus, specific personal jurisdiction arises from a defendant's contacts with the forum state, "only as those contacts related to the plaintiff's cause of action." *Louis Vuitton*, 736 F.3d at 1352 (citation omitted); *see also Turi v. Stacey*, No. 5:13–cv–248, 2015 WL 403228 at *7

(M.D. Fla. Nov. 25, 2014) (specific jurisdiction is based on a party's activities in the forum that are related to the cause of action alleged in the complaint). Here, Plaintiff brings causes of action for defamation and generally alleges that the challenged Episode is available online. (D.E. 1 ¶ 13, n.1). Therefore, this Court "must examine whether [Plaintiff] pled sufficient facts to make out a prima facie case of a 'tortious act of Florida defamation' within Florida." *Catalyst Pharm., Inc. v. Fullerton*, 748 F. App'x 944, 947 (11th Cir. 2018) (citations omitted). To do so, Plaintiff must establish that Wallace and Weissmann "made defamatory statements about a Florida resident by posting those statements on a website, provided that the website posts containing the statements are accessible in Florida and were accessed in Florida." *Miller v. Gizmodo Media Grp., LLC*, 383 F. Supp. 3d 1365 (S.D. Fla. 2019).

The Complaint contains no allegations that either Wallace or Weissmann made the Episode accessible in Florida. In fact, neither of them uploaded the Episode to MSNBC's website or any podcast platform. *See* Wallace Decl. ¶ 8; Weissmann Decl. ¶ 19. The Individual Defendants cannot be subjected to jurisdiction if they did not themselves make the alleged defamatory content accessible in Florida.[1] *Cf. Internet Sols. Corp. v. Marshall*, 39 So.3d 1201, 1215 (Fla. 2010) (noting allegedly defamatory material has been "published" in Florida in the internet context under the long–arm statute when the *poster* communicated material into Florida).

---

[1] Jurisdiction over an employee does not automatically flow from jurisdiction over the corporate employer. *See Nunes v. Cable News Network, Inc.*, No. 8:22–CV–2659, 2023 WL 2468646, at *4 (M.D. Fla. Mar. 1, 2023).

Additionally, the Complaint generically alleges that "a third party in Florida accessed the defamatory material." (D.E. 1 ¶ 8). Plaintiff's failure to specifically identify third parties who accessed the material is insufficient under the long–arm statute. *See Catalyst Pharm.*, 748 F. App'x. at 947–48 (finding allegation that defamatory statements "were accessed by [plaintiff] and others in Florida" insufficient to confer jurisdiction); *Mar. Exec., LLC v. Larson Elecs., LLC*, No. 17–cv–60323, 2018 WL 2938376, at *4 (S.D. Fla. June 11, 2018) (plaintiff failed to satisfy the long–arm statute because it did not "identify a single third–party who it contends accessed the alleged defamatory material within Florida.").

Finally, Plaintiff's conclusory assertion that the allegedly defamatory material "was directed at a Florida resident," (D.E. ¶ 8), is belied by the facts. The Individual Defendants, who work and reside in New York, recorded an Episode of a podcast in New York, for a company headquartered in New York, which in turn produced and published the episode online from New York. *See* Wallace Decl. ¶¶ 3, 5, 10, 13; Weissmann Decl. ¶¶ 12–16. Defendants took no actions in Florida in connection with creating the episode. *See* Wallace Decl. ¶ 9; Weissmann Decl. ¶ 23. None of the allegedly defamatory statements had anything to do with Florida: they concerned Flynn's prosecution for lying to the FBI in the U.S. District Court for the District of Columbia and Flynn's role in the insurrection that followed the 2020 election. (D.E. 1 ¶¶ 15–16). *See also* Wallace Decl. ¶ 10; Weissmann Decl. ¶ 21. None of the facts suggest, let alone establish, that the Individual Defendants' complained–of conduct was directed at or occurred in Florida.

There simply is no tortious act in Florida related to Plaintiff's claims that would support exercising jurisdiction over the Individual Defendants under the long arm statute.[2]

## B.   Exercising Jurisdiction Over the Individual Defendants Would Violate Due Process

"[T]he federal due process analysis is *not* built into Florida's long–arm statute." *Internet Sols.*, 39 So. 3d at 1207. Therefore, even if the long arm statute is satisfied (which it is not), "the exercise of jurisdiction must comport with the Due Process Clause of the Fourteenth Amendment." *Waite*, 901 F.3d at 1312. *See also Internet Sols. Corp. v. Marshall*, No. 6:07–cv–1740, 2010 WL 11617855 (M.D. Fla. Sept. 29, 2010).

The Due Process Clause imposes additional hurdles on this Court's exercise of jurisdiction: (1) whether the plaintiff's claims "arise out of or relate to" defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" itself of the privilege of conducting activities within the forum state; and (3) whether the exercise of personal jurisdiction comports with "traditional notions

---

[2] The Complaint does not specify whether Individual Defendants are subject to the general or specific jurisdiction of Florida's long–arm statute. However, the factual allegation that "Defendants are subject to personal jurisdiction in Florida pursuant to Florida's long–arm statute, Fla. Stat. § 48.193, because a third party in Florida accessed the defamatory material, and it was directed at a Florida resident," (D.E. 1 ¶ 8), relates to the specific jurisdiction section of the statute. *Compare* § 48.193(1)(a)(2), Fla. Stat. (providing for specific jurisdiction when a defendant commits a tortious act within the state), *with id* § 48.193(2) (providing for general jurisdiction when a defendant is "engaged in substantial and not isolated activity within this state, . . . whether or not the claim arises from that activity"). The Complaint does not allege any activity in Florida, much less "pervasive and substantial" activity required to subject the Individual Defendants to general jurisdiction. *See In re Farmlands Indus., Inc.*, No. 3:05–cv–587, 2007 WL 7694308, at *3 (M.D. Fla. March 30, 2007). Further, Wallace's and Weissmann's declarations establish that they have no substantial activity in Florida.  Wallace Decl. ¶¶16–19; Weissmann Decl. ¶¶ 28–31.

8

of fair play and substantial justice." *See Waite*, 901 F.3d at 1313 (11th Cir. 2018). Plaintiff bears the burden of establishing the first two prongs in this analysis, and if he does, the burden then shifts to the Individual Defendants to establish the third prong. *See Louis Vuitton*, 736 F.3d at 1355. All three prongs weigh heavily against subjecting Wallace and Weissmann to this Court's jurisdiction.

### 1.   Flynn's Claims Do Not Relate to the Individual Defendants' Contacts with Florida

"A fundamental element of the specific jurisdiction calculus is that plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." *Id.* (internal citations omitted); *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014) ("[T]he relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State."); *Nunes v. Cable News Network, Inc.*, No. 8:22–CV–2659, 2023 WL 2468646, at *4 (M.D. Fla. Mar. 1, 2023) (noting that the first prong focuses on the relationship among the individual defendant, the forum, and the litigation). For example, in *Nunes*, a plaintiff who worked in Florida sued CNN and one of its individual correspondents in this District over a segment that had no connection to the State. 2023 WL 2468646, at *3. The individual defendant had no contacts with Florida related to the segment. *Id.* Like here, the only connection to the State was the harm plaintiff alleged he suffered in Florida. *Id.* The court found an insufficient relationship between the individual defendant, the forum, and the litigation to support the exercise of personal jurisdiction. *Id.* at *4.

As discussed above, Plaintiff has not alleged and cannot establish that Wallace

or Weissmann had any contacts with Florida related to Flynn's claim or that the alleged defamatory statements had anything to do with Florida. *See* Wallace Decl. ¶¶ 9–10; Weissmann Decl. ¶ 21–23. Plaintiff cannot meet his burden under the first prong of the due process requirement because there is no *forum–related conduct* by Wallace or Weissmann or any relationship among them, the forum, and the litigation.

### 2.   The Individual Defendants Did Not Purposefully Avail Themselves of the Privilege of Conducting Activities in Florida

The Complaint additionally fails to demonstrate that either Wallace or Weissmann purposefully availed themselves of the privilege of conducting activities in Florida. In intentional tort cases, like this one, the Court may assess the purposeful availment prong using two independent, but related, inquiries: the "effects test," which the Supreme Court articulated in *Calder v. Jones* (involving libel claims), and the traditional minimum contacts test. *See Miller*, 383 F. Supp. at 1365.

#### a.  *The Calder Effects Test*

The *Calder* effects test requires Plaintiff to show both that the Individual Defendants' alleged tortious conduct was aimed at Florida, and that it caused harm they should have anticipated would be suffered in Florida. *Id.*; *Louis Vuitton*, 736 F.3d at 1356. This test ensures that a defendant's conduct and connection with a forum is significant enough that the defendant should "reasonably anticipate being haled into court" in the forum state. *See Sovereign Offshore Servs. v. Shames*, No. 17–cv– 80172, 2017 WL 7798664, *2 (S.D. Fla. Aug. 3, 2017).

10

In *Calder*, a California resident brought a defamation claim in California against the National Enquirer, a Florida corporation, and two of its Florida journalists. *Calder*, 465 U.S. at 785–86. The plaintiff lived and worked in California, the article was drawn from California sources, the National Enquirer's largest circulation was in California, and "the brunt of the harm" was suffered in California. *Id.* at 788–90. The Supreme Court found jurisdiction existed in California because "California is the focal point both of the story *and* of the harm suffered." *Id.* at 789 (emphasis added). Here, Plaintiff cannot satisfy this "effects test."

First, the Episode was not focused on Florida. The hour–long Episode was recorded in New York and aimed at a national audience. *See* Weissmann Decl. ¶¶ 16, 19. It discussed issues of national interest that were not specific to Florida: Russian interference in the 2016 election, Special Counsel Robert Mueller's investigation, election security, the spread of disinformation, national security concerns, the transition of power, the insurrection that followed the 2020 election, and Special Counsel Jack Smith's ensuing investigation and prosecutions.[3] *See* Weissmann Decl. ¶ 20, Ex. 2. The Individual Defendants did no work on the Episode in Florida and spoke with no sources in the State. *See* Wallace Decl. ¶ 9; Weissmann Decl. ¶ 23. None of the allegedly defamatory statements had anything to

---

[3] Near the end of the Episode, there is a brief discussion of the Special Counsel's prosecution of former President Trump for mishandling classified documents, which is pending in the Southern District of Florida. That prosecution has nothing to do with Plaintiff or the statements at issue in his cause of action. And the fleeting reference is not enough to satisfy the effects test. *See Full Sail, Inc. v. Spevack*, No. 6:03–CV–887, 2003 WL 25277185, at *6 (M.D. Fla. Oct. 21, 2003) (holding that negative discussions and mentions about a Florida college did not satisfy the effects test when "the targeted audience presumably exist[ed] throughout the entire United States").

do with Florida, or Plaintiff's current residency here. Rather, the Episode discussed Plaintiff's conduct prior to President Trump's inauguration and when he served in the Trump administration, the subsequent investigation of his activities by the FBI, his prosecution in Washington, D.C. for lying to the FBI, and his pardon by then–President Trump. *See* Weissmann Decl. ¶ 21, Ex. 2 at 23:2–25:10; 28:14–19; 29:14–31:14.

In short, Florida is not the focal point of the Episode. *See Nunes*, 2023 WL 2468646, at *4 (finding lack of personal jurisdiction over reporter and noting "[t]here is no evidence that Tapper aimed the Segment at Florida, rather, the Segment was aimed at a national audience"); *Miller*, 383 F. Supp. 3d at 1375 (finding no jurisdiction where conduct giving rise to plaintiff's claim did not occur in Florida and publication lacked sufficient "Florida focus"); *Sovereign Offshore*, 2017 WL 7798664, at *3–4 (finding minimum contacts not met where "Plaintiffs have not established that Defendant directed the two blog posts at Florida consumers in order to exploit a Florida market" and "Florida is not the 'focal point' of the posts"); *Vision Media*, 724 F. Supp. at 1266 (dismissing suit for lack of personal jurisdiction where there was no evidence "showing that the website at issue targeted Florida or that Defendants acted to aim their conduct at a Florida audience").

Second, neither Wallace nor Weissmann anticipated that Plaintiff would suffer any harm in Florida. Neither knew that Flynn now resides in Florida.[4] *See* Wallace

---

[4] Even if Defendants knew that Flynn is a Florida resident, that alone would not satisfy this prong of the effects test. *See, e.g.*, *Full Sail, Inc.*, 2003 WL 25277185, at *6.

Decl. ¶ 11; Weissmann Decl. ¶ 22. Plaintiff, as a retired General who spent 33 years in the military and served in former President Trump's administration, has a national reputation. (D.E. 1 ¶ 10). The Individual Defendants had no reason to believe that the brunt of the alleged injury from this nationally circulated podcast about issues of national import would be felt in Florida. They cannot be haled into court in Florida consistent with due process. *See Miller*, 383 F. Supp. 3d at 1373–74 (finding plaintiff did not satisfy "effects test" in a defamation action over a tweet about a Florida lawsuit because harms alleged were not suffered in Florida and defendant had no reason to believe brunt of injury would be felt in Florida).[5]

The only connection between Defendants, Florida, and this litigation is that Plaintiff now resides here and, therefore, claims he was injured here. As the Supreme Court made clear in *Walden v. Fiore*, 571 U.S. 277 (2014), this is not enough to establish jurisdiction. The Court held that "*the plaintiff cannot be the only link between the defendant and the forum*. Rather, it is the *defendant's conduct* that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* at 285 (emphasis added). Thus, Plaintiff's bald assertion of harm does not

---

[5] The fact that the Episode was posted online is insufficient to confer jurisdiction. *Nunes*, 2023 WL 2468646, at *5. *See also Alternate Energy Corp. v. Redstone*, 328 F. Supp. 2d 1379, 1383 (S.D. Fla. 2004) ("Under *Calder*, the mere fact that allegedly libelous statements appeared in a publication sold to Florida residents is not sufficient to give a defendant fair warning that he may be haled into court here."); *FVD–USA, LLC v. Fabiani*, No. 06–61710–CIV, 2007 WL 9684283, at *6 (S.D. Fla. July 27, 2007) ("[C]ourts have found that posting defamatory information on the internet is not enough to satisfy the second prong of the 'effects test' to establish an adequate basis for personal jurisdiction, even where the defendant knew where the plaintiff lived and intended to inflict injury in that state."). And a "[d]efendant's awareness that [its publication] would be accessible in Florida, by virtue of the nature of the world–wide web, . . . [is] insufficient to establish that [d]efendant has minimum contacts with Florida." *Sovereign Offshore*, 2017 WL 7798664, at *4.

satisfy his burden on the second prong of the due process test. *See Brown v. Starkka*, No. 5:20–CV–228, 2020 WL 9601511, at *2 (M.D. Fla. Dec. 4, 2020) ("Mere injury to a forum resident is not a sufficient connection to the forum state.") (Moody, J.); *Estes v. Rodin*, 259 So. 3d 183, 193–96 (Fla. 3d DCA 2018) (featuring an analysis from now–11th Circuit Judge Lagoa explaining the contours of "aiming" allegedly defamatory statements at a Florida resident and stressing that mere injury to a forum resident is not a sufficient connection to the forum).

### b. Traditional Minimum Contacts Test

Under the traditional minimum contacts test for purposeful availment, courts assess the nonresident defendant's contacts with the forum state and ask whether those contacts: "(1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Louis Vuitton*, 736 F.3d at 1357.

Jurisdiction also fails under this analysis. As discussed above, the Individual Defendants have *no* contacts with Florida related to Flynn's cause of action. *See* Wallace Decl. ¶¶ 5–6, 8–9; Weissmann Decl. ¶ 23. Likewise, they did not avail themselves of the benefits of doing business in Florida through their contacts, property, or conducting other activities here. *See* Wallace Decl. ¶¶ 9, 13–14, 16–19; Weissmann Decl. ¶ 28–31. And, because the Episode was recorded live with all participants present in New York and was produced and published by a company in New York, the Individual Defendants would have no reason to anticipate being haled

14

into this forum. *See Smart Commc'ns Holding, Inc. v. Correct Sols., LLC*, No. 8:20–CV–1469, 2020 WL 10498662, at *6–7 (M.D. Fla. July 31, 2020) (dismissing for lack of personal jurisdiction because there was no substantial connection to defendants' suit–based conduct and Florida) (Moody, J.); *Nunes*, 2023 WL 2468646, at *5 (finding insufficient minimum contacts where individual defendant "had no substantial connection to the state of Florida as it pertains to this lawsuit or otherwise").

### 3.    Asserting Jurisdiction Over the Individual Defendants Would Offend Fair Play and Substantial Justice

The final due process consideration is whether exercise of personal jurisdiction over the defendant would "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). Because Flynn cannot satisfy the first two prongs of the due process analysis, this Court need not consider this factor. *See Volt, LLC v. Volt Lighting Grp. LLC*, 369 F. Supp. 3d 1241, 1249 (M.D. Fla. 2019) ("because VLG lacks minimum contacts with Florida under *Calder's* 'effects test,' determining whether the burden on VLG outweighs the other considerations is unnecessary").

In any event, given the "utter poverty of contacts" between the Individual Defendants and the State of Florida, combined with the fact that the Episode was not aimed at a Florida audience, forcing nonresident the Individual Defendants to litigate in this State would be unfair and offend notions of fair play and substantial justice. *See Hoechst Celanese Corp. v. Nylon Eng'g Resins, Inc.*, 896 F. Supp. 1190, 1196–97 (M.D. Fla. 1995) (noting that given defendant's lack of contacts with Florida,

"notions of fair play and substantial justice" did not establish personal jurisdiction over a nonresident defendant); *Bioheart, Inc. v. Peschong*, No. 13–60304, 2013 WL 1729278, at \*5 (S.D. Fla. Apr. 22, 2013) (finding exercising jurisdiction over a California defendant would violate "fair play and substantial justice" principles where "it is not clear that resolving this action in Florida would be more convenient or effective than do so elsewhere," particularly in the state where the defendant was located when making the allegedly defamatory statements).

Thus, pursuant to both Florida's long–arm statute and due process considerations, Flynn's claims against the Individual Defendants should be dismissed for lack of personal jurisdiction.

## II.     THE MIDDLE DISTRICT OF FLORIDA IS NOT A PROPER VENUE.[6]

"[W]hether venue is 'wrong' or 'improper'—is generally governed by 28 U.S.C. § 1391." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55–56 (2013). Venue is proper in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State where the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. *See* 28 U.S.C. § 1391(b).

When venue is challenged, the court must determine whether the case fits into

---

[6] Defendant MSNBC joins in Section II and III seeking dismissal on the grounds of improper venue, or in the alternative, transfer to the Southern District of New York.

one of these categories and the plaintiff bears the burden of showing that the venue selected is proper. *See Atl. Marine*, 571 U.S at 561; *Delong Equip. Co. v. Wash. Mills Abrasive Co.*, 840 F.2d 843, 845 (11th Cir. 1988) (explaining plaintiff must make "only a prima facie showing of venue"). If an allegation in the complaint is challenged, the court may consider facts outside the complaint to determine whether venue is proper and "make factual findings necessary to resolve motions to dismiss for . . . improper venue." *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).

Plaintiff asserts that venue lies in the Middle District because "a substantial part of the events giving rise to this claim occurred in this judicial district." (D.E. 1 ¶ 9). But, "[o]nly the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In other words, it is "only those acts which were, in and of themselves, wrongful or had a close nexus to the wrong that could form the basis of proper venue." *Nunes*, 2023 WL 2468646, at *5 (cleaned up and citation omitted).

Here, Flynn alleges that "the defamation, which is the basis of this lawsuit, was published in the Middle District of Florida in addition to all over the world." (D.E. 1 ¶ 9). Yet as discussed above in the context of explaining the lack of personal jurisdiction over the Individual Defendants, none of the events giving rise to the alleged defamation took place in Florida. *Supra*, pp. 7–12. The only connection between the Complaint and the State of Florida is *Plaintiff's* residence in Sarasota County. (D.E. ¶ 9). The Episode, however, does not comment on or target Flynn as

17

a Florida resident, but rather as a national figure who served in the Trump administration. *See* Wallace Decl. ¶ 11; Weissmann Decl. ¶ 21, Ex. 2 at 22:18–25:13.

Fundamentally, the venue statute "protects defendants" and was "meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Jenkins Brick*, 321 F.3d at 1371–72 (citation omitted). *See also Nunes*, 2023 WL 2468646, at *5 (granting defendant's motion to dismiss for improper venue where alleged defamation "was committed in the Middle District of Florida in addition to all over the world," but the challenged reporting did not pertain to Florida and the nonresident defendant never traveled to Florida). Here, Defendants took no actions relevant to Flynn's claims in Florida, and the Complaint's conclusory allegations fail to establish that the Middle District of Florida is a proper venue. *See BPI Sports, LLC v. PHD Fitness LLC*, No. 14–60069–CIV, 2014 WL 11706458, at *4 (S.D. Fla. June 13, 2014) ("Plaintiff's conclusory assertion that it has suffered harm in this district is insufficient to establish that venue is proper here" for his defamation action). Accordingly, the Court should dismiss the action for improper venue.

## III.   TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK IS WARRANTED.

Whether or not this Court finds it can properly exercise personal jurisdiction over the Individual Defendants,[7] and even if venue were proper in this district, this

---

[7] If the Court finds that it does not have personal jurisdiction over Individual Defendants, but venue is proper as to MSNBC, then failing to transfer the case could result in two separate actions—one in this Court against MSNBC and one in New York against Individual Defendants. The risk of this type of duplicative litigation weighs in favor of transfer. *See Sprint Commc'ns, L.P. v. Cox Commc'ns, Inc.*, 896 F. Supp. 2d 1049, 1068 (D. Kan. 2012) ("The Court finds that the Court's interest in avoiding duplicative and piecemeal litigation strongly favors transfer of this matter to Delaware

entire action should be transferred to the U.S. District Court for the Southern District of New York ("SDNY"). This Court has broad discretion to transfer an action "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought . . ." 28 U.S.C. § 1404(a).[8] Transfer to the SDNY is warranted here given the convenience of the parties and witnesses, the lack of any connection between the Episode and the State of Florida, and the interests of justice.

### A.    This Lawsuit Could Have Been Brought in the SDNY

To transfer an action under Section 1404, the Court must determine that the action could have originally been brought in the alternative venue. "[A]n action 'might have been brought' in any court that has subject–matter jurisdiction, where venue is proper, and where the defendant is amenable to process issuing out of the transferee court." *Carucel Inv., L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1223 (S.D. Fla. 2016). The SDNY meets each of these requirements.

First, like this Court, the SDNY has subject matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse and there is at least $75,000 in controversy. Second, venue is proper in the SDNY under 28 U.S.C. § 1391(b)(1) because all defendants are residents of or headquartered in the State of New York.

---

where all parties, including CCI may be sued."); *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 58 (D.D.C. 2000) ("In summary, the compelling public interest in avoiding duplicative proceedings (and potentially inconsistent judgments) warrants transfer of venue under these circumstances.").

[8] The Court may also transfer under 28 U.S.C. 1406(a) if it finds that the Middle District of Florida is an improper venue.

(D.E. 1 ¶¶ 4–6). Similarly, the Episode was recorded and produced in New York and pursuant to 28 U.S.C. § 1391(b)(2), "a substantial part of the events or omissions giving rise to the claim occurred" in the SDNY.  *See Frey v. Minter*, 829 F. App'x 432, 436 (11th Cir. 2020). Third, all defendants are amenable to process in the SDNY because they live or are located in New York.  The SDNY is a proper venue to which this action may be transferred.

### B.    Convenience and the Interest of Justice Require Transfer to SDNY

"Section 1404(a) is intended to place discretion in the district courts to adjudicate motions to transfer according to an individualized, case–by–case consideration of convenience and fairness." *Delorenzo v. HP Enter. Servs., LLC*, 79 F. Supp. 3d 1277, 1281 (M.D. Fla. 2015) (quotation omitted). In conducting this analysis, courts consider nine private and public interest factors: convenience of the witnesses, location of the relevant documents and sources of proof, convenience of the parties, locus of operative facts, availability of process to compel unwilling witnesses, relative means of the parties, forum's familiarity with the governing law, weight accorded to plaintiff's choice of forum, and trial efficiency and the interests of justice. *Frey,* 829 F. App'x at 436. Here, the totality of these factors favors transfer.

First, "[t]he convenience of both the party and non–party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted." *Gonzalez v. Pirelli Tire, LLC*, No. 07–80453–CIV, 2008 WL 516847, at *2 (S.D. Fla. Feb. 22, 2008) (citation omitted). For the purposes of this analysis, "the key witnesses are those which have information regarding the

liability of Defendant. Damages witnesses are accorded less weight due to the fact that without liability, there are no damages to recover." *Ramsey v. Fox News Network, LLC*, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004) (citation omitted). Therefore, in defamation cases like this one, witnesses that determine liability are primarily those who can shed light on whether the challenged statements are false and whether the defendants acted with the requisite degree of fault. *Id.*

Here, New York is a more convenient forum for the defendants and key witnesses. All of the participants in the Episode attended its live recording in New York, the Individual Defendants live and work in New York, and the Episode was produced by MSNBC in New York. *See* Wallace Decl. ¶¶ 5, 13; Weissmann Decl. ¶¶ 13–16. Because the Episode provided commentary on documented public events— Flynn's conduct while he served the Trump administration and subsequent prosecution in Washington, D.C.—there are few third–party witnesses on the issue of whether the defendants' challenged statements were substantially true, and therefore not actionable. Rather, the main subject of witness testimony, given Flynn's status as a public figure, will be whether the defendants acted with actual malice if the statements were in fact false, *i.e.*, they acted with knowledge of the statements' falsity or a reckless disregard for their truth or falsity. *See New York Times v. Sullivan*, 376 U.S. 254 (1964). Those with knowledge about defendants' subjective state of mind are the defendants themselves, along with others who participated in

21

the Episode.[9] Thus, if this case proceeds to trial, witnesses who will shed light on the defendants' liability are in New York and will be greatly inconvenienced by a trial in this forum. *See Kesner v. Barron's, Inc.*, No. 19–61370, 2020 WL 4561596, at *3 (S.D. Fla. May 1, 2020) (transferring case to Southern District of New York and noting parties, potential witnesses, and related persons reside in New York).

Second, New York is the locus of operative facts, another "important factor" in favor of transfer. *See Ramsey*, 323 F. Supp. 2d at 1358. As explained above, this case arises from the defendants' actions in New York to create the Episode. *Supra*, pp. 7–12. Similarly, relevant documents and sources of proof are with the defendants in New York. *See Est. of Brooks v. United States*, No. 19–24057, 2020 WL 4923639, at *7 (S.D. Fla. Jan. 22, 2020) (tying location of documents to locus of operative facts and finding factor favored disclosure); *Kesner*, 2020 WL 4561596, at *3 (finding in favor of transfer where the documents related to allegedly defamatory reporting were in the transferee jurisdiction).

Third, the choice of law factor favors the SDNY. A federal district court sitting in diversity applies the choice of law rules of the forum state. *See, e.g.*, *Michel v. NYP Holdings, Inc.*, 816 F.3d 686, 694 (11th Cir. 2016). Florida courts apply the "most significant relationship" test, which takes into consideration: "(a) the place where the

---

[9] New York residents who participated in the Episode are beyond the subpoena power of this Court. *See Est. of Brooks v. United States*, No. 19–24057, 2020 WL 4923639, at *7 (S.D. Fla. Jan. 22, 2020) ("As to compulsory process, the Court cannot compel any unwilling witness residing outside of Florida to testify."). "Given the fact that, when possible, live testimony is preferred over other means of presenting evidence," *Ramsey*, 323 F. Supp. 2d at 1356, the availability of process to compel unwilling witnesses weighs in favor of transfer.

injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* No single factor controls. Instead, the Court weighs the totality of the circumstances. *See, e.g.*, *Nix v. ESPN, Inc.*, 772 F. App'x 807, 812 (11th Cir. 2019).

Here, the place where the injury–causing conduct occurred clearly favors New York in the choice of law analysis. *See Nix*, 2018 WL 8802885, at *4 (finding second factor weighed in favor of applying New York law because the decision to write the article occurred in New York); *Chapman v. DePuy Orthopedics, Inc.*, 760 F. Supp. 2d 1310, 1314 (M.D. Fla. 2011) (explaining place of injury in Florida was happenstance when the injury–causing conduct lacks any relationship to Florida). Further, any relevant relationship between the parties would have been centered in New York or Washington, D.C., and not in Florida. Given that the statements were principally circulated in New York, concerned Flynn's activities in Washington D.C., and that Flynn has a national reputation, Plaintiff's alleged domicile in Florida—including any alleged injury here—is entitled to little weight, whereas the defendants all are domiciled or have their business in New York. *See Frey*, 829 Fed. App'x at 435 ("[T]he state of the plaintiff's domicile is not necessarily the state of most significant relationship if one of the other states [in which the defamatory statement was published] has a more significant relationship to the occurrence and the parties.") (internal quotation marks omitted); *Michel*, 816 F.3d at 694 (applying New York law to defamation suit over an article published into Florida about a plaintiff who was

domiciled in Florida).

New York has the most significant relationship to this case and its substantive law should govern. While this Court is more than capable of applying New York law, a judge in the SDNY does have an "advantage." *Delorenzo*, 79 F. Supp. 3d at 1281 ("A district judge in the District of Columbia indisputably enjoys an advantage over the Middle District of Florida in deciding a claim based on the law of the District of Columbia.").

Fourth, for all these reasons, trial efficiency and the interests of justice also favor transferring the case to SDNY. *See Pferdmenges v. Bindra*, 2012 WL 12867831, at *5 (S.D. Fla. Nov. 20, 2012). A trial in Florida will occur hundreds of miles from witnesses, relevant documents, all defendants, and where the events at issue occurred.

Fifth, the deference generally paid to a plaintiff's choice of forum should be given little weight here. Where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, "the choice of forum is entitled to less consideration." *Brooks*, 2020 WL 4923639, at *6. As detailed above, the "locus of operative facts" in this action was primarily in New York, not Florida. This factor therefore does not weigh against transfer. *See Greiser v. Drinkard*, No. 18–61126, 2018 WL 7287083, at *5 (S.D. Fla. Nov. 16, 2018) ("Because the Court has already found that the 'locus of operative facts' is in Pennsylvania rather than in Florida, the weight accorded Plaintiff's choice of forum is entitled to less deference and does not override the factors weighing in favor of transfer.").

Finally, the relative means of the parties is neutral. Nothing in the record suggests that Flynn lacks the means to litigate this case in New York. To the extent the Court declines to dismiss the action for improper venue, it should transfer the case to the SDNY.

## CONCLUSION

For the foregoing reasons, the Individual Defendants request that they be dismissed from this lawsuit for lack of personal jurisdiction, and all defendants request dismissal on the ground of improper venue, or, alternatively, that the case be transferred to the U.S. District Court for the Southern District of New York.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned certifies that on December 21, 2023 she conferred with Plaintiff's counsel via email in an effort to resolve all or part of this motion. Plaintiff opposes the relief sought in the motion.

Dated: January 2, 2024         Respectfully Submitted,

SHULLMAN FUGATE PLLC

***/s/ Deanna K. Shullman***
Deanna K. Shullman (Fla. Bar No. 514462)
dshullman@shullmanfugate.com
Rachel E. Fugate (Fla. Bar No. 144029)
rfugate@shullmanfugate.com
Minch Minchin (Fla. Bar No. 101590)
mminchin@shullmanfugate.com
Amber A. Couzo (Florida Bar No. 1031514)
acouzo@shullmanfugate.com
100 South Ashley Dr., Suite 600
Tampa, FL 33602
Tel: (813) 935–5098
*Attorneys for Defendants*